**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

DAVID J. LAURENZA,

      Appellant,

      v.

DEPARTMENT OF VETERANS
   AFFAIRS,

      Agency.

DOCKET NUMBER
NY-0752-17-0122-I-1

DATE: February 3, 2023

# THIS ORDER IS NONPRECEDENTIAL[1]

Tyler Patterson, Esquire, Vestal, New York, for the appellant.

Georgette Gonzales-Snyder, Esquire, Syracuse, New York, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

**REMAND ORDER**

¶1     The appellant has filed a petition for review of the initial decision, which dismissed his removal appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review and REMAND the case to

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the New York Field Office for further adjudication in accordance with this Remand Order.

## BACKGROUND

¶2      The appellant was employed by the agency as an Electrician and was stationed in Canandaigua, New York. Initial Appeal File (IAF), Tab 6 at 10. On December 2, 2016, the agency proposed the appellant's removal based on misconduct charges. *Id*. at 23-25. On March 23, 2017, the agency issued the appellant a removal decision effective that same day. *Id*. at 26-28. Included with the removal notice package was a proposed settlement agreement wherein the agency offered to hold the removal in abeyance until September 30, 2017, and rescind the removal action if the appellant agreed to an immediate reassignment or to resign or retire from employment with the agency effective on or before September 30, 2017. IAF, Tab 7 at 13. The settlement agreement noted that the appellant's retirement or resignation would be completely voluntary and that he had the opportunity to seek the advice of counsel. *Id*. It also noted that if the appellant failed to complete the necessary paperwork in a manner that would allow him to resign or retire by September 30, 2017, the agency would be permitted to immediately sustain and impose the removal action. *Id*. The only copy of the settlement agreement in the record is unsigned by either party. *Id*. at 16. Also included in the record is a report of contact dated March 23, 2017, noting that the appellant received the removal notice and the agency's offer of a settlement agreement together that same day and that he was scheduled to inform the agency by March 28, 2017, of his decision on the terms of the settlement agreement. *Id*. at 4.

¶3      It appears from the record that the appellant did not formally notify the agency of his decision, but rather, on March 29, 2017, he completed the requisite paperwork to voluntarily retire. *Id*. at 17-25. The agency officially processed the appellant's voluntary retirement and issued a Standard Form 50 (SF-50) reflecting the voluntary retirement. *Id*. at 28. In the remarks section of the SF-50, it is

noted that the appellant retired after receiving written notice on March 23, 2017, of the agency's final decision to remove him. *Id.*

¶4    On April 21, 2017, the appellant filed an appeal with the Board challenging the removal action. IAF, Tab 1. The administrative judge issued an order informing the appellant that the Board may not have jurisdiction over his appeal and laying out what he must prove to show that his retirement was involuntary.[2] IAF, Tab 5 at 1-2. Without holding the requested hearing, the administrative judge issued an initial decision that dismissed the appeal for lack of jurisdiction, finding that the appellant's removal was not an appealable action because, although he retired the same day as the effective removal date, the agency rescinded the removal action prior to the filing of the Board appeal. IAF, Tab 12, Initial Decision (ID) at 3. The administrative judge also found that the appellant failed to prove, or even allege, that his retirement was involuntary. *Id.*

¶5    The appellant has filed a petition for review arguing that he did not receive the proper jurisdictional notice regarding the specific timing of the removal action, the retirement, and the agency's supposed rescission or cancellation of the removal action. Petition for Review (PFR) File, Tab 1 at 6-8 (citing *Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643-44 (Fed. Cir. 1985)). The agency has filed a response to the petition for review, and the appellant has filed a reply. PFR File, Tabs 3-4.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶6    It is well established that when, as in this case, an agency decides to remove an employee, and the employee retires on the same date that the removal was to become effective, the employee does not on that account lose the right to file a

---

[2] The order also addressed the agency's contention that the appellant already had made a binding election of remedies to proceed with his challenge of the removal when he filed an equal employment opportunity case. IAF, Tab 6 at 6-7, Tab 5 at 1. The administrative judge did not address this issue any further in any capacity beyond this initial order.

Board appeal contesting the decided removal. 5 U.S.C. § 7701(j); *Mays v. Department of Transportation*, 27 F.3d 1577, 1579-81 (Fed. Cir. 1994); *Williams v. Department of Health & Human Services*, 112 M.S.P.R. 628, ¶ 7 (2009). Further, in such a case, the Board need not address whether the appellant's retirement was involuntary. *Williams*, 112 M.S.P.R. 628, ¶ 7. In examining the merits of the adverse action, if the agency is unable to support its removal decision, then the appellant is entitled to all the relief he could receive if he could show that his retirement was coerced. *Scalese v. Department of the Air Force*, 68 M.S.P.R. 247, 249 (1995). If the agency can show that it properly decided the removal, then an involuntary retirement claim would be mooted. *Id*. Notwithstanding these general principles, the Board nonetheless lacks jurisdiction over a removal appeal if the agency cancels or rescinds the removal action before the appeal is filed with the Board. *Taber v. Department of the Air Force*, 112 M.S.P.R. 124, ¶ 8 (2009). In such a case, an appellant may still argue that his retirement was involuntary. *Id*., ¶ 10.

¶7    In the instant case, the administrative judge appears to have assumed that the agency rescinded or canceled the removal action and proceeded to frame this case as one addressing whether the appellant's retirement was involuntary. ID at 2-3; IAF, Tab 5 at 1-2. We find that the administrative judge erred in this regard. First, the appellant did not claim in his appeal that his retirement was involuntary. IAF, Tab 1 at 3. Second, the assumption that the agency rescinded or canceled the removal action is not supported by any documentary evidence in the record. The administrative judge appears to have relied on the fact that the appellant's removal was never processed and that the agency never issued an SF-50 recording the removal, instead issuing an SF-50 recording a voluntary retirement. ID at 2-3. However, the Board has held that although the issuance of an SF-50 is the customary determination for a personnel action, it does not effect the personnel action. *Toyens v. Department of Justice*, 58 M.S.P.R. 634, 637 (1993). The Board in *Toyens* further stated that, rather than the issuance of an

SF-50, it is the decision notice approved by an individual with the proper authority that effects the personnel action. *Id*. Thus, we find that the absence of a removal SF-50 is of no consequence here and is not dispositive of whether the agency actually removed the appellant. Additionally, the appellant does not appear to challenge the deciding official's authority to issue the decision, and our review of the record shows that he had such authority. IAF, Tab 6 at 28. Therefore, we find that the removal was effected when the deciding official issued the removal decision.

¶8 Further, even if the administrative judge assumed that the terms of the settlement agreement resulted in some type of a constructive cancellation or rescission of the removal decision due to the appellant's retirement, the record is unclear as to whether the parties ever agreed to the terms of the settlement offer because the only settlement-related document contained in the record is unsigned by either party. IAF, Tab 7 at 16. Notably, the agency has not argued that the appellant agreed to the terms, but only that he took the necessary steps to effectuate a voluntary retirement. IAF, Tab 4 at 4, Tab 6 at 5-7. Based on the foregoing, we find that the administrative judge erred in concluding that the agency cancelled or rescinded the removal action. Consequently, we also find that she erred in reaching the involuntary resignation analysis because there is no evidence that the agency cancelled or rescinded the removal action. *See Taber*, 112 M.S.P.R. 124, ¶¶ 8, 10.

¶9 The U.S. Court of Appeals for the Federal Circuit has made clear that "an employee, stigmatized with an adverse final decision reflected in [his] government employment record, may challenge the final removal decision while also opting to retire." *Mays*, 27 F.3d at 1580. More specifically, the Board has held that, even when an agency processes the retirement request and not the removal action, and when such retirement documentation explicitly references the removal action, the Board retains jurisdiction over that action. *Anderson v. Small Business Administration*, 78 M.S.P.R. 518, 520-22 (1998); *Scalese*, 68 M.S.P.R.

at 248-49. Here, despite the absence of a removal SF-50 and given the specific remarks on the appellant's retirement SF-50 referencing the removal decision, we find that the Board has jurisdiction over the appellant's adverse action appeal. *Mays*, 27 F.3d at 1579-81.[3]

## ORDER

¶10       For the reasons discussed above, we REVERSE the initial decision and remand this case to the New York Field Office for further adjudication in accordance with this Remand Order. Pursuant to *Scalese*, the issue of whether the appellant's retirement was involuntary need not be addressed on remand. 68 M.S.P.R. at 249.


FOR THE BOARD:                              /s/ for
                                    _____
                                    Jennifer Everling
                                    Acting Clerk of the Board

Washington, D.C.

---

[3] Because we have determined that the Board has jurisdiction over the appellant's removal, we need not address the *Burgess* notice argument contained in his petition for review.